# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| KEITH RUSSELL JUDD., #11593-051 | * | |
|---|---|---|
| Plaintiff | * | |
| v | * | Civil Action Case No. RDB-11-1447 |
| STATE BOARD OF ELECTIONS OF MARYLAND, et al. | * | |
| | * | |
| Defendants | | |

***

## MEMORANDUM OPINION

Self-represented plaintiff Keith Russell Judd has filed a complaint against the State Board of Elections of Maryland, the Secretary of the State of Maryland and the State of Maryland alleging violations of federal election laws and equal protection. Judd, an inmate at the Federal Correctional Institution in Texarkana, Texas[1] wants to be placed on the Democratic Party ballot for President of the United States in 2012 and moves to declare all Maryland laws in conflict with his presidential aspirations unconstitutional. Complaint, p. 1. Judd also moves for leave to proceed in forma pauperis. ECF. No. 2.

For reasons to follow, Judd's request to proceed in forma pauperis (ECF No. 2) will be denied pursuant to 28 U.S.C. § 1915(g) and the Complaint (ECF No. 1) will be dismissed for lack of jurisdiction under Rule 12(h) (3) of the Federal Rules of Civil Procedure and for failure to state a claim under 28 U.S.C. 1915(e).

### I. STANDARD OF REVIEW

A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" must be dismissed under § 1915A(b)(1) if the complaint is "frivolous,

---

[1] Judd was convicted by a jury in the United States District Court for the Western District of Texas of two counts of mailing a threatening communication with the intent to extort money or something of value, in violation of 18 U.S.C. § 876. He was sentenced to 210 months imprisonment and three years of supervised release. His conviction and sentence were affirmed on appeal. *See United States v. Judd*, 252 F.3d 435 (5th Cir. 2001). According to the Federal Bureau of Prisons Inmate Finder, http://www.bop.gov/iloc2/InmateFinder, his projected release date is June 24, 2013.

malicious or fails to state a claim upon which relief may be granted." Under 28 U.S.C. § 1915(e), which governs in forma pauperis proceedings, the court is required to screen initial filings, *see Eriline Company v. Johnson*, 440 F.3d 648, 656-657 (4th Cir. 2006), and "a district court must dismiss an action that the court finds to be frivolous or malicious or that fails to state a claim." *Michau v. Charleston County*, 434 F.3d 725, 728 (4th Cir. 2006) (citing 28 U.S.C. § 1915(e)(2)(B)).

While this court is mindful that the pleadings of pro se litigants are liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), factual allegations in a complaint must contain "more than labels and conclusions," and the action may be dismissed if the allegations do not provide "enough to raise a right to relief above a speculative level." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007).

Further, "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion." *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (internal quotation marks & citations omitted); *see also Davis v. Pak*, 856 F.2d 648, 651 (4th Cir.1988) (federal courts are precluded from exercising jurisdiction when the only federal claim is obviously meritless). Rule 12 (b) (1) of the Federal Rules of Civil Procedure authorizes a district court to dismiss a "patently insubstantial complaint ... for want of subject-matter jurisdiction." *Neitzke v. Williams*, 490 U.S. 319, 327 n. 6 (1989).[2] If at any time the court determines subject matter jurisdiction is lacking, the case must be dismissed. *See* Fed. R. Civ. P. 12(h) (3).

---

[2] Judd's presidential aspirations were characterized by the United States District Court for the District of Columbia as the type of "fantastic or delusional scenarios" found to justify immediate dismissal of a complaint as frivolous under the holding in *Neitzke*, 490 U.S. at 327. *See Judd v. Federal Election Commission*, 2008 WL 2901643 *2 (D.D.C 2007).

2

## II. BACKGROUND

Judd is a prolific and vexatious litigant who has filed more than 748 cases in federal courts since 1997. *See Judd v. U.S. Attorney General*, 2011 WL 1374034 (D. Me. 2011).[3] Restrictions or sanctions have been placed on Judd's abusive filings by at least six courts, including: the United States Supreme Court, *see Judd v. U.S. District Court for the Western District of Texas*, 528 U.S. 5, 5-6 (1999); the Third Circuit, *see In re Judd*, 240 Fed. Appx. 981, 982 (3rd Cir. 2007); the Fifth Circuit, *see Judd v. Fox*, 289 Fed. Appx. 795-96 (5th Cir. 2008); the Tenth Circuit, *see Judd v. University of New Mexico*, 204 F.3d 1041 (10th Cir. 2000); the United States Court of Appeals for the District of Columbia, *see Judd v. United States*, 2006 WL 1565084, at *1 (C.A.D.C. 2006); and the United States District Court for the District of Massachusetts, *see Judd v. United States*, 2010 WL 1904869, at *1 (D. Mass. 2010).

Three districts have barred Judd's filings under the "three strikes" provision set forth at 28 U.S.C. § 1915(g)."[4] *See Judd v. Federal Election Commission*, 2008 WL 2901643 (D.D.C. 2007); *Judd v. Federal Election Commission*, 2007 WL 2900514 *1 (E.D. Texas 2007); *Judd v. United States*, 2005 WL 6112661, *1, (Fed. Cl. 2005). In view of these decisions limiting Judd from proceeding under § 1915(g) in forma pauperis status will be denied.

---

[3] Reference to the Pacer Electronic filing system reveals that Judd has filed pleadings identical to the one filed here in five other districts. *See e.g. Judd v. Secretary of State of Connecticut*, et al., Civil Case 3-11-cv-879-MRK (D. Ct.); *Judd v. Secretary of State of Missouri*, et al., Civil Case 2-11-cv-4146-ODS (D. Mo.); *Judd v. Secretary of State of Florida*, et al., Civil Case 6-11-cv-867-ACC-KRS (M. Fla.); *Judd v. Secretary of State of Oregon*, et al., Civil Case 6-11-cv-6176-HO (D. Or.); *Judd v. Secretary of State of West Virginia*, et al., Civil Case 2-11-cv-369 (S.D.W.V.).

[4] The Prisoner Litigation Reform Act ("PLRA") provides that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915 (g). This subsection is known as the "three strikes" provision of the PLRA.

## III. DISCUSSION

Even were Judd not barred from proceeding under the "three strikes" rule or had paid the filing fee, the Complaint must be dismissed. Judd claims without support that he is a declared Democratic candidate for President of the United States in all primary elections and is registered with the Federal Election Commission. Additionally, he alleges that he was denied placement in the 2008 primary election, although he provides no facts in support for this claim. Judd also states that he has requested placement in the 2012 Democratic Primary, but was denied placement "in advance." Judd fails to provide any explanation of denial "in advance."

Judd's general invocation of various federal elections laws and state procedural requirements is insufficient to suggest a colorable claim of constitutional magnitude, and instead represents another attempt to manipulate and abuse the judicial process. Judd's claims are frivolous and a patent ruse to waste judicial time and resources.

Turning to Judd's claims concerning voting restrictions on felons, the Maryland Legislature is vested with the power to regulate or prohibit the right to vote by persons convicted of "infamous or other serious crime." Md. Const. Art. I § 4. A person is unqualified to be a registered voter if convicted of a felony and actually serving a court-ordered sentence of imprisonment, including any term of parole or probation, for the conviction. *See* Md Code, Election Law 3-102(b) (1). To be entitled to relief from denial of voting rights, a person must be qualified to vote and unconstitutionally deprived of his right to vote. *See Hayes v Mandel*, 367 F. Supp. 566, 569 (D. Md. 1973). Disenfranchising persons convicted of infamous crimes unless pardoned does not deny equal protection. *See Thiess v. State Administrative Board of Election Laws, State of Maryland*, 387 F. Supp. 1038, 1041 (D. Md. 1974). Accordingly, Judd's equal protection claims are without legal or factual merit.

4

To the extent Judd seeks declaration that all state laws in conflict with his attempt to run for President are unconstitutional, he fails to specify which laws he is contesting or particularize why they violate the Constitution. Notably, even if the challenge Judd raises to state fees, signature requirements, and other procedural requisites for appearing on the ballot are considered, he fails to allege that he is otherwise qualified to be added to the ballot.

## IV. CONCLUSION

For these reasons, the case will be dismissed for lack of jurisdiction and for failure to state a claim upon which relief can be granted. A separate Order follows.

June 8, 2011
Date

RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE